D/F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ AUG 10 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSH BROWN,

                Petitioner,

-against-

STATE OF NEW YORK,

                Respondent.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-2043 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Josh Brown ("Brown") brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction in the New York State Supreme Court, Queens County for robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree.[1] (Pet. (Docket Entry # 1).) Brown also makes several claims relating to the conditions of his confinement. (Pet. at 4-5.) For the reasons set forth below, Brown's Petition is dismissed.

I.    **BACKGROUND**

On July 5, 2005, a jury convicted Brown of robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the

---

[1] Brown incorrectly names the State of New York as the Respondent in this action. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (petitioner "must name as respondent the state officer who has custody"). However, by failing to raise this issue, Respondent has waived the court's "lack of personal jurisdiction over [Brown's] immediate custodian and [has] submit[ted] itself in the custodian's stead to the jurisdiction of the federal courts." Smith v. Idaho, 392 F.3d 350, 356 (9th Cir. 2004); cf. Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."); Gooden v. Gonzales, 162 F. App'x 28, 29 (2d Cir. 2005) ("[T]he government does not contend in this appeal that the Attorney General is an improper respondent, or that the Eastern District of New York is an improper venue for this suit, and as such, those arguments have been waived.").

1

fifth degree. Trial Tr., People v. Brown, Ind. No. 2349/04 (N.Y. Sup. Ct., Queens Cnty.) ("Trial Tr.") at 436-40. The People's case was based on the testimony of Salah Salim ("Salim"). Salim testified that he saw Brown stealing several bottles of soda from a fridge in Salim's grocery store. Id. at 223-24. Salim confronted Brown, removed several soda bottles from bags Brown was carrying, and demanded that Brown return the remaining soda bottles. Id. at 224-25. Brown returned several, but not all, of the bottles. Id. at 225. Salim then attempted to push Brown out of his store, after which Brown pulled out a box cutter. Id. at 225-26, 259-60. Salim managed to wrest the box cutter from Brown and Brown then left the store. Id. at 226-27, 266. After the robbery, Brown fled to a nearby subway station where he was found by police. Id. at 280-84. The police escorted Brown back to Salim's store, where he was identified by Salim and placed under arrest. Id. at 229-30, 284-85. Police recovered a stolen bottle of soda from Brown's pants leg. Id. at 286.

At the conclusion of the People's case, Brown's counsel moved to dismiss the indictment, stating that "the people have not made out a prima facie case, specifically, as to the charge of Robbery in the First Degree." Id. at 311. The court denied the application. Id.

In June 2007, Brown appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department, arguing that there was insufficient evidence to convict him of robbery and that trial counsel provided ineffective representation. (See Resp't Aff. in Opp'n (Docket Entry # 5) Ex. A, Ex. C at 22.) On May 6, 2008, the Appellate Division affirmed Brown's conviction. People v. Brown, 855 N.Y.S.2d 909 (N.Y. App. Div. 2d Dep't 2008). The court found Brown's sufficiency of the evidence claim not to have been preserved and, "in any event," to be without merit. Id. The court denied Brown's ineffective assistance of counsel claim on the merits. Id.

The New York Court of Appeals denied leave to appeal on August 5, 2008. People v. Brown, 11 N.Y.3d 735 (2008). On May 11, 2009, Brown filed the instant Petition. (Pet.)

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively

3

unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## III. DISCUSSION

### A. Sufficiency of the Evidence

Brown asserts that his right to due process was violated because the evidence presented at his trial was legally insufficient to sustain his conviction of robbery in the first degree.[2] (Pet.) See In re Winship, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Brown claims that Salim's testimony proved that Brown was not guilty of a robbery. (Pet. at 1-4.) In particular, Brown argues that Salim's testimony "that he told me to leave the store and because I wasn't moving fast enough he started pushing me out of the store proved that I did not forcefully take anything from him." (Id. at 3.)

---

[2] Brown appears to raise a "weight of the evidence" claim in addition to his sufficiency of the evidence claim. (Pet. at 4.) However, "the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus, and as a matter of federal constitutional law a jury's verdict may only be overturned if the evidence is insufficient to permit any rational juror to find guilt beyond a reasonable doubt." McKinnon v. Superintendent, Green Meadow Corr. Facility, No. 08-2828-pr., 2011 WL 2005112, at *4 (2d Cir. May 24, 2011) (internal citations omitted). Furthermore, to the extent that Brown alleges that his rights were violated under the New York State Constitution, this claim is also not cognizable on habeas review, since "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

4

As Respondent correctly argues (see Resp't Mem. (Docket Entry # 5-3) at 23), Petitioner's claim regarding the sufficiency of the evidence is procedurally barred because the Appellate Division rejected the same claim based on an independent and adequate state ground, specifically, that the claim was "unpreserved for appellate review." Brown, 855 N.Y.S.2d at 909. The Appellate Division apparently reached that conclusion because defense counsel never articulated a specific basis for the claim that the People had failed to make out a "prima facie" case as to the robbery charge. (See Trial Tr. at 311.)

A federal habeas court cannot consider a claim if the state court adjudication of the same claim "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). Such a ground is adequate if it is "based on a rule that is 'firmly established and regularly followed'" by the state courts. Id. at 77 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). This rule applies whether the state law ground is substantive or procedural. See id. at 76. For a procedural default to bar consideration of a federal claim on habeas review, the last state court rendering a judgment in the case must "clearly and expressly" state that its judgment rests on a state procedural bar. Galdamez v. Keane, 394 F.3d 68, 77 (2d Cir. 2005) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)).

Under New York law, defense counsel must make timely and specific objections to preserve claims of error at trial for appellate review. See N.Y. Crim. Proc. Law ("C.P.L.") § 470.05(2); People v. Payne, 3 N.Y.3d 266, 274 (2004). Moreover, "the preservation requirement compels that the argument be 'specifically directed' at the alleged error." People v. Gray, 86 N.Y.2d 10, 19 (1995) (quoting People v. Cona, 49 N.Y.2d 26, 33 n.2 (1979)). The denial of a claim under C.P.L. § 470.05(2) constitutes an adequate and independent state law

5

ground precluding federal habeas review. See Garcia, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); Yara v. Ercole, 558 F. Supp. 2d 329, 338 (E.D.N.Y. 2008) (finding adequate and independent state law grounds where "petitioner only made a general objection to the legal sufficiency of the evidence and did not focus specifically on the alleged error") (citing Garvey v. Duncan, 485 F.3d 709, 714 (2d Cir. 2007).

The Appellate Division's holding constitutes a "clear and express" statement that its judgment was based on an independent and adequate state procedural ground. Therefore, Brown's claim is procedurally defaulted and cannot be considered by this court. This is so even though the Appellate Division additionally noted that Brown's claim failed on the merits. When a state court finds that a claim is "not preserved for appellate review" and then rules "in any event" on the merits, the decision rests on a state procedural ground, thus barring federal habeas review. See Galdamez, 394 F.3d at 77; Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 n.4 (2d Cir. 2000).

A petitioner may overcome a procedural default by demonstrating either (1) cause and actual prejudice, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. See Galdamez, 394 F.3d at 73 (quoting Coleman, 501 U.S. at 750). To establish cause for a procedural default, a petitioner must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A fundamental miscarriage of justice occurs where a habeas court refuses to review a constitutional claim despite the petitioner's showing that the constitutional violation at issue probably caused the conviction of one innocent of the crime. Id. at 495-96. However, "a substantial claim that constitutional error has caused the conviction of

an innocent person is extremely rare" and, "to be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); Dowtin v. Cohen, 179 F. App'x 737, 739 (2d Cir. 2006) (rejecting petitioner's claim of a fundamental miscarriage of justice because petitioner had not supported his claim of actual innocence with any new reliable evidence) (citing Schlup, 513 U.S. at 324).

Brown asserts that because he received ineffective assistance of counsel at trial, he has shown cause for the procedural default. (Pet'r Reply Mem. (Docket Entry # 6) at 4, 5, 7, 8.) See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) ("'Ineffective assistance of counsel . . . is cause for a procedural default.'") (quoting Murray, 477 U.S. at 488). However, as discussed in the next section, Brown's ineffective assistance of counsel claim is without merit and therefore he has failed to show cause.

Brown also argues that his procedural default should be excused because he is actually innocent. (Pet'r Reply Mem. at 7.) Brown does not point to any new evidence. Instead, the basis for his claim of innocence is the same as that for his sufficiency of the evidence claim—i.e. that Salim's testimony shows that Salim was pushing Brown out of the store when Brown pulled out a blade, and that Brown was therefore not guilty of robbery. For the reasons discussed in the next section, this claim is meritless. Because Brown has failed to show actual innocence, he has not shown that failure to consider his claim would result in a fundamental miscarriage of justice.

### B.    Ineffective Assistance of Counsel

Brown asserts that his Sixth Amendment right to effective assistance of counsel was violated, insofar as his trial attorney did not properly object to the alleged insufficiency of the

evidence.[3] (Pet'r Reply Mem. at 4, 5, 7, 8.) The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice under Strickland, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where a petitioner alleges ineffective assistance based on counsel's failure to object in order to preserve a *meritless* claim, the performance of counsel cannot be deemed ineffective. See United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005) (failure to object to the government's proper summation did not constitute ineffective assistance of counsel).

Brown's sufficiency of the evidence claim lacks merit, and therefore Brown cannot show that trial counsel was ineffective for failing to object with specificity to the sufficiency of the People's case. In reviewing sufficiency of the evidence claims, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational

---

[3] Brown first raised his ineffective assistance of counsel claim in his Reply Memorandum. In light of his status as a pro se litigant, and in the interest of judicial efficiency, the court construes Brown's Reply as a motion for leave to amend his initial petition. See 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). The motion is granted in the interest of justice. See Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is not required to file a response. Accordingly, the court now reviews the merits of Brown's ineffective assistance of counsel claim. Cf. Cole v. United States, No. 04-CV-2716 (RPP), 2005 WL 217019, at *2 n.1 (S.D.N.Y. Jan. 27, 2005) (refusing to preclude a claim raised solely in petitioner's reply brief, in light of petitioner's status as a pro se litigant).

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). "[A]ll possible inferences that may be drawn from the evidence must be construed in the prosecution's favor." Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

Under New York Penal Law § 160.15(3), "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [u]ses or threatens the immediate use of a dangerous instrument." New York Penal Law § 160.00 provides that,

> Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking . . . .

Salim testified that he saw Brown stealing several bottles of soda from a fridge in Salim's grocery store, Trial Tr. at 223-24, 248, and that he ultimately attempted to push Brown out of his store, after which Brown pulled out a box cutter, id. at 225-26, 259-65. Salim also testified that he managed to wrest the box cutter from Brown after which Brown left the store. Id. at 226-27, 265-66. In summation, the People presented viable arguments that could have led a reasonable juror to conclude that Brown had indeed committed robbery in the first degree. For instance, the People argued that "[t]he defendant turned this into a robbery when he used this box cutter to retain the property he had stolen . . . . The defendant forcibly stole the property and threatened and used a dangerous instrument to keep the property." Id. at 405.[4] Viewing the evidence in the

---

[4] The People theorized that Brown "was moving slow because he had the soda in his pants, and he wanted to get the victim off of him so he could keep the property so the victim wouldn't realize that he still had the soda." Trial Tr. at 405. A reasonable juror could have agreed with this theory, or even concluded that Brown pulled out the box cutter in order to remain in the store and steal more property.

light most favorable to the prosecution, it is clear that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Trial counsel's failure to preserve a meritless sufficiency of the evidence claim was not unreasonable and did not prejudice Brown. Therefore, the Appellate Division did not unreasonably apply Strickland in denying Brown's ineffective assistance of counsel claim.

### C. Claims Regarding Conditions of Confinement

Brown asserts that he is biologically female, and should therefore be transferred to a female prison. (Pet. at 4-5). Brown also claims that he has certain dietary restrictions that are being ignored by Five Points Correctional Facility, where he is incarcerated. (Id. at 5.) It is unclear whether a habeas corpus petition is an appropriate means of challenging the conditions of one's confinement in state prison. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) ("A [42 U.S.C. §] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. . . . This is not to say that habeas corpus may not also be available to challenge such prison conditions. . . . But we need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under [§] 1983."). Generally, as per Preiser, claims based on a prisoner's conditions of confinement are more appropriately raised in a § 1983 action. See Hargrove v. Dep't of Corr., No. 09-CV-876 (WWE), 2009 WL 2372165, at *1 (D. Conn. Jul. 30, 2009) ("The Second Circuit has entertained habeas corpus petitions by federal prisoners challenging the conditions of confinement under federal sentences [citing Thompson v. Choinski, 525 F.3d 205 (2d Cir. 2008), and Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984)]. The Second Circuit has not yet extended this ability to persons in state custody."). However, before a prisoner may bring a § 1983 claim, he must exhaust available administrative

remedies. See 42 U.S.C. § 1997e(a). New York's Department of Correctional Services "has a well-established administrative grievance procedure for prisoners called the Inmate Grievance Program ('IGP'). Grievances may be informally resolved or formally lodged through the IGP grievance process." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (citing N.Y. Codes Rules & Regs. §§ 701.1, 701.7, 701.11). Because it is unclear whether Brown has properly exhausted his administrative remedies, the court declines to construe Brown's Petition as including a claim under § 1983.

Even assuming that federal habeas review of conditions of confinement claims is appropriate, Brown's claims must be dismissed. Under 28 § 2254(b)(1)(A), a prisoner must exhaust "the remedies available in the courts of the state" before bringing a federal habeas petition. Further, the habeas statute requires *proper* exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006) (emphasis added). New York State, with exceptions not relevant here, requires administrative remedies to be exhausted before relief can be sought in state court. See Watergate II Apts. v. Buffalo Sewer Auth., 46 N.Y.2d 52, 57 (1978) ("[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law . . . ."); see also Cobaugh v. Goord, 836 N.Y.S.2d 497, at *1 (N.Y. Sup. Ct., Albany Cnty. Mar. 22, 2007) ("This [exhaustion] principle has been applied with consistency in dealing with administrative determinations involving inmates") (citing cases). Again, Brown's claims cannot, at this time, be deemed properly exhausted.

Because Brown has not demonstrated that he has exhausted available state administrative remedies, his conditions of confinement claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Brown's Petition for a writ of habeas corpus is DENIED and his conditions of confinement claims are DISMISSED without prejudice. A certificate of appealability will not issue because Brown has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
~~August~~ July 9, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge