D/F

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
        JOSH BROWN,

                                Petitioner,              MEMORANDUM & ORDER

                -against-                                09-CV-2043 (NGG)

        STATE OF NEW YORK,

                                Respondent.
-----------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

## I.    BACKGROUND

On May 11, 2009, Petitioner Josh Brown ("Brown" or "Petitioner") filed a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (See Pet. (Dkt. 1).) On August 9, 2011, the court denied Brown's Petition. (Aug. 9, 2011, Mem. & Order ("Decision") (Dkt. 17).) In its Decision, the court held that Petitioner's claim—that his due process rights were violated because the evidence presented at his trial in state court was legally insufficient—was procedurally barred. (See Decision at 4-6.) The court further held that Petitioner failed to overcome the procedural default by demonstrating either (1) cause and actual prejudice, or (2) that failure to consider the claim would result in a fundamental miscarriage of justice. (See id. at 6-7.) Notably, the court rejected Petitioner's argument that his procedural default should be excused because he is actually innocent. (Id. at 7.) The court also declined to issue a certificate of appealability. (Id. at 12.)

The Clerk of Court entered Judgment on August 12, 2011 (J. (Dkt. 18)), and on March 26, 2012, the U.S. Court of Appeals for the Second Circuit issued a mandate dismissing Petitioner's appeal of the court's Decision for his failure to obtain a certificate of appealability from either this court or the Second Circuit itself. (Mandate (Dkt. 23).)

1

Over two years later, on June 13, 2014, Petitioner filed a motion with this court concerning the Decision denying his Petition.[1] (See Pet'r's Mot. to Amend/Correct/ Supplement Petition for Writ of Habeas Corpus ("Pet'r's Mot.") (Dkt. 25).) Respondent filed a letter brief opposing the motion. (See Resp't's Reply in Opp'n to Pet'r's Mot. (Dkt. 27).)

## II. DISCUSSION

Petitioner's motion is labeled as a motion to amend the Petition (it is further labeled as a "motion to correct . . . the order denying [Petitioner's] writ of habeas corpus"). Because final judgment has been entered, however, the court cannot entertain a motion to amend pursuant to Federal Rule of Civil Procedure 15 before first determining whether to vacate or set aside the prior judgment pursuant to Rules 59(e) or 60(b). See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)."); Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) ("We see nothing either in the Rules Governing Section 2254 Cases or AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] inconsistent with Rule 15(a)."); see also Rules Governing § 2254 Cases in the U.S. District Courts, Rule 12 (explaining that Federal Rules of Civil Procedure apply to § 2254 proceedings to the extent they are not inconsistent with the Rules Governing § 2254 Cases).

A motion to alter or amend a judgment pursuant to Rule 59 must be filed within 28 days after the entry of judgment. See Fed. R. Civ. P. 59(e). Accordingly, if construed as a Rule 59 motion, Petitioner's motion is untimely.

Federal Rule of Civil Procedure 60(b) also permits a party to seek relief from a final judgment for six enumerated reasons, including Rule 60(b)(6)'s catch-all provision for "any

---

[1] Petitioner also filed several letters and exhibits, which the court construes as filings in support of his motion. (See Pet'r's Oct. 10, 2014, Ltr. (Dkt. 28); Pet'r's Nov. 6, 2014, Ltr. (Dkt. 29); Pet'r's Feb. 27, 2015, Ltr. (Dkt. 30); Pet'r's Apr. 6, 2015, Ltr. (Dkt. 31); Pet'r's Apr. 7, 2015, Ltr. (Dkt. 32).)

other reason that justifies relief," the only basis of relief for which Petitioner could conceivably qualify. See Fed. R. Civ. P. 60(b). A motion pursuant to Rule 60(b) must be brought "within a reasonable time" of the final judgment. See Fed. R. Civ. P. 60(c)(1).

The Rule 60(b) analysis, however, is further complicated in habeas proceedings. See generally, e.g., Savoca v. United States, No. 07-CV-2524 (LMS), 2015 WL 66531 (S.D.N.Y. Jan. 5, 2015) (describing interaction between Rule 60(b) and rules governing successive habeas petitions). The Supreme Court has explained that a Rule 60(b) motion in a habeas proceeding "is treated as a successive habeas petition when it seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); see also Harris v. United States, 367 F.3d 74, 79-82 (2d Cir. 2004) (describing how a district court in the Second Circuit should approach a Rule 60(b) motion in a habeas proceeding); Rodriguez v. Mitchell, 252 F.3d 191, 198-200 (2d Cir. 2001) (same). Where a Rule 60(b) motion "attacks the integrity of a previous habeas proceeding," the district court should decide the motion on the merits, applying Rule 60(b)'s substantive standard. See Harris, 367 F.3d at 82 (emphasis in original). Where a Rule 60(b) motion "attacks the underlying conviction[,] . . . the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or [] the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Id. (emphasis in original) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

Here, Petitioner does not attack the integrity of the court's resolution of his habeas proceeding; rather, he raises arguments attacking his underlying state court conviction—all of which the court has already rejected in its prior Decision. (See, e.g., Pet'r's Mot. at 3 (arguing that "the charge of robbery in the first degree . . . is so totally devoid of evidentiary support as to render [Petitioner's] conviction unconstitutional under the due process clause of the Fourteenth Amendment"); Decision at 5-6, 9-10 (finding sufficiency of the evidence claim procedurally barred, and rejecting the claim on the merits); Pet'r's Mot. at 3-4 ("I am factually innocent . . . of a robbery and actual innocence overrides a procedural default."); Decision at 7, 9-10 (rejecting Petitioner's actual innocence argument, since Petitioner did not identify any new evidence and, on the merits, concluding that the trial evidence supported a conviction of robbery in the first degree).)

Nothing in Petitioner's motion or subsequent letters attacks the court's prior resolution of his claim, and therefore no portion of his motion falls within the scope of Rule 60(b). Because Petitioner has already had an opportunity to collaterally attack his state court conviction through a comprehensive § 2254 proceeding, the motion would be more properly construed as a successive petition. Pursuant to Harris, the court therefore denies Petitioner's motion as beyond the scope of Rule 60(b).[2] See 367 F.3d at 82. If Petitioner's intent is to actually file a second or successive petition, he must first move before the Second Circuit for an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b).

---

[2] Because the court denies Petitioner's motion under Rule 60(b), it need not reach the question of whether he may amend the Petition pursuant to Rule 15(a).

4

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion (Dkt. 25) is DENIED. A certificate of appealability will not issue because Petitioner has not shown "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June 3, 2015

NICHOLAS G. GARAUFIS
United States District Judge